UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

IN RE: Bernard G. Sykes, III                    M. B. D. #05-10038

## ORDER OF TERM SUSPENSION

PER CURIAM

The Court having been advised that Bernard G. Sykes, III has been suspended by the Supreme Judicial Court from the practice of law at the bar of the Commonwealth of Massachusetts for a six month period is likewise forthwith suspended from the practice of law at the bar of the United States District Court for the District of Massachusetts for a like period.

Should Bernard G. Sykes, III desire to invoke the procedures and make the showing required by Local Rule 83.6(2)(B)(ii), the Court shall be informed within 30 days of the date of this order and the Court will schedule a hearing thereon within 15 days following such notification as required by the Local Rule.

Upon notification of action taken by  to invoke such procedures the Court will consider imposing reciprocal discipline pursuant to Local Rule 83.6(2)(C).

Bernard G. Sykes, III shall forthwith notify clients and opposing counsel in any cases now pending in this court and the Bankruptcy Court in this District of this order of term suspension.

Date   Feb 3, 2005

William G. Young
District Judge

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                               FOR SUFFOLK COUNTY
                                               NO:  BD-2004-103


IN RE: BERNARD G. SYKES, III

ORDER OF TERM SUSPENSION


     This matter came before the Court, Spina, J., on an
Information and Record of Proceedings with the Vote and
Recommendation of the Board of Bar Overseers filed by the Board
on December 23, 2004.  Upon consideration thereof, it is ORDERED
that:

     1.   BERNARD G. SYKES, III is hereby suspended from the
practice of law in the Commonwealth of Massachusetts for a period
of six months.  In accordance with S.J.C. Rule 4:01, sec. 17(3),
the suspension shall be effective thirty days after the date of
the entry of this Order.  The lawyer, after the entry of this
Order, shall not accept any new retainer or engage as lawyer for
another in any new case or legal matter of any nature.  During
the period between the entry date of this Order and its effective
date, however, the lawyer may wind up and complete, on behalf of
any client, all matters which were pending on the entry date.

     It is FURTHER ORDERED that:

     2.   Within fourteen (14) days of the date of entry of this
Order, the lawyer shall:

4

date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

b)  a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c)  a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

d)  such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f)  the residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

5

4.    Within twenty-one (21) days after the entry date of
this Order, the lawyer shall file with the Clerk of the Supreme
Judicial Court for Suffolk County:

a)    a copy of the affidavit of compliance required by
paragraph 3 of this Order;

b)    a list of all other state, federal and
administrative jurisdictions to which the lawyer is admitted
to practice; and

c)    the residence or other street address where
communications to the lawyer may thereafter be directed.

By the Court (Spina, J.),    $F \times S$

Maura S. Doyle, Clerk

Entered:  January 10, 2005